# CONCURRING OPINION

No. 04-12-00116-CV

**IN THE INTEREST OF J.C.**, a Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01561
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:  Karen Angelini, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:  Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  August 31, 2012

I agree with the reasoning expressed by Justice Angelini in her opinion and concur in the judgment.  I also agree with the concerns expressed by Justice Speedlin in her concurring opinion.  I write separately to express my concern about the result reached in this case.

Justice Angelini correctly sets forth the standard by which we are to interpret statutes. Based on a plain reading of the relevant statutes, the paternal grandparents were required to establish standing by demonstrating they had substantial past contact with J.C.  *See* TEX. FAM. CODE ANN. § 102.005(5) (West Supp. 2012).  The record contains evidence that the grandparents sought to have contact with J.C. while J.C. was in the hospital and before the parental rights were terminated, but the Department failed to provide any information about J.C. or her location to the paternal grandparents.  The grandfather testified that the Department "didn't want to give us visits.  We had to go back to court until they decided to give us visits."  He also testified that he and the grandmother would have visited J.C. more often, but the Department did not allow it. The grandmother testified that she wanted to visit J.C., but the Department kept her away despite her repeated requests.

I am troubled because it appears a government agency prevented the paternal grandparents from having the opportunity to establish standing by denying them the opportunity to have substantial past contact.  As Justice Speedlin asserts in her concurrence, under certain circumstances, "a fundamental liberty interest in the parent-child relationship" extends to grandparents.  Concurring Opinion, at *3.  While the exact parameters of this interest have not been established, it seems fundamentally unfair to deny standing to a grandparent when government action prevented the actions or activity necessary to establish the right to be considered for adoption.

Steven C. Hilbig, Justice